F. M. BARBER *v.* S. E. BARBER *et al.*

[63 South. 343.]

EQUITY. *Decree. Several defendants. Cancellation of instruments. Provision for restoration.*

Where a party owning certain real estate dies intestate leaving his widow and several children as his heirs, and the widow deeded her interest in the land to appellant, one of the children, and it was found that such deed from the widow was defective in the description as was also the deed to the intestate to such land, and the appellant with the other children filed a bill in equity against the widow and the grantor in the deed to the intestate to have both deeds reformed, and the *pro confesso* was taken against the original grantor, but the widow filed a cross-bill to cancel her deed on account of fraud, the court in cancelling the deed from the widow, should not have dismissed appellant's bill, but should have retained it for a final decree upon the *pro confesso* taken against the original vendor of the land, and after reformation of the deed, the court should have then required the widow to refund the money paid her by appellant within a reasonable time or in default of her so doing, should have decreed that the widow's interest in the land be sold for this debt.

APPEAL from the chancery court of Newton county.

HON. SAM WHITMAN, JR., Chancellor.

Suit by F. M. Barber and others against Mrs. S. E. Barber and another. From a decree for defendant, complainants appeal.

The record shows that, in 1910, J. H. Barber died in-
testate, leaving certain real estate and a small amount
of personal property. His heirs at law were his widow,
Mrs. S. E. Barber, and six children; the appellant being
one of them. Upon authority of the heirs at law the ap-
pellant took charge of the estate and proceeded to gather
the crops, convert the same into money, and pay off the
debts. Afterwards appellant entered into an agreement
with the other children to pay them an amount agreed
upon for their interest in the estate, and thereafter he
agreed with Mrs. S. E. Barber to give her certain per-
sonal property of his deceased father and an amount in
cash agreed upon for her interest in the estate, excepting
the personal property reserved by her, whereupon Mrs.
Barber executed and delivered to appellant a deed of
conveyance. It afterwards appeared that the deed was
erroneous, in that it failed to set forth the section, town-
ship, and range in which the land was situated, and it
appeared also that the deed from one Rowe to J. H. Bar-
ber (the deceased) contained the same error. Appellant
thereafter filed his bill in the chancery court to reform
both of these deeds; all of the heirs at law of J. H. Bar-
ber, except his widow, joining in the bill. A decree *pro
confesso* was taken against Rowe, but Mrs. Barber filed
an answer and cross-bill, alleging that the deed was pro-
cured by fraud, misrepresentation, and duress, and
prayed that her deed to appellant be canceled. Appel-
lant answered the cross-bill, denying fraud and duress,
and set forth fully the manner in which he had handled
the estate.

On the hearing the court rendered a decree dismissing
the bill and denying complainant any relief whatever, and
directed that Mrs. S. E. Barber return to appellant the
purchase money paid by appellant to her and cancel-
ing her deed to him. From this decree comes this
appeal. Appellant contends that the court erred in
not making final the decree *pro confesso* against Rowe

and in canceling the deed from Mrs. Barber to him without first requiring as a condition precedent that Mrs. Barber return to him the purchase money, since whatever lien he may have against the property for such purchase money would be of no value, as the description to the land is void.

*Amis & Dunn* and *G. H. Banks,* attorneys for appellant.

*J. D. Carr.* and *G. C. Tann,* attorneys for appellees.

COOK, J., delivered the opinion of the court.

We think the chancellor was authorized by the evidence to deny complainant the relief sought by his bill; at least, we are not prepared to say that the chancellor was wrong in his interpretation of the evidence. We do not think the bill should have been dismissed, but should have . been retained for a final decree upon the *pro confesso* taken against the original vendor of the land, and after the reformation of the deed the court could then require Mrs. Barber to refund the money paid to her by appellant within a reasonable time, and, in default of her so doing, the decree should order the interest of Mrs. Barber in the land sold for this debt. The costs of this appeal will be divided between F. M. Barber and Mrs. S. E. Barber.

*Reversed and remanded.*